# Exhibit 1

# Case Information

**Local Case Number:**
2026-014700-CA-01

**State Case Number:**
132026CA01470001GE01

**Case Style:**
Claudia Calderon vs Delta Air Line Inc

**Filing Date:**
07/21/2026

**Judicial Section:**
CA09 - Downtown Miami - Judge Cynamon, Abby

**Case Status:**
OPEN

**Case Type:**
Discrimination - Employment or Other

**Consolidated Case No.:**

# Related Cases

No data available

# Hearing Details

No data available

# Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Calderon, Claudia | **B#:** 165580<br>Jason S Remer | |
| Defendant | Delta Air Line Inc | | |

# Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 10 | 08/20/2026 | | Order Extending Time for | Event | GRANTED. |
| 9 | 08/20/2026 | | Motion for Extension of Time | Event | |
| 8 | 08/04/2026 | | Electronic Summons Email Notification Sent | Event | Jason S Remer |
| | 08/04/2026 | | 20 Day Summons Issued | Service | |
| 7 | 08/04/2026 | | ESummons 20 Day Issued | Event | Re: Index # 5. |
| 6 | 08/04/2026 | | Receipt: | Event | Receipt#:3160121 Amt Paid:$10.00 Name:JASON S REMER 2745 PONCE DE LEON BOULEVARD CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:08/04/2026 Register#:316 Cashier:EFilingUser EFiling #:253594465 |
| 5 | 07/30/2026 | | (M) 20 Day (C) Summons (Sub) Received | Event | |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 4 | 07/23/2026 | | Receipt: | Event | Receipt#:3100110 Amt Paid:$401.00 Name:JASON S REMER 2745 PONCE DE LEON BOULEVARD CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:eFilings Tender Amt:$401.00 Receipt Date:07/23/2026 Register#:310 Cashier:EFilingUser EFiling #:252968963 |
| 2 | 07/21/2026 | | Complaint | Event | |
| 1 | 07/21/2026 | | Civil Cover Sheet - Claim Amount | Event | |

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Claudia Calderon
Plaintiff

Case # __________________
Judge __________________

vs.
Delta Air Line Inc
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

4

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer
Attorney or party

Fla. Bar # 165580
(Bar # if attorney)

Jason S Remer
(type or print name)

07/21/2026
Date

Filing # 252968963 E-Filed 07/21/2026 05:30:06 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA CALDERON,

Plaintiff,

vs. Case No.:

DELTA AIR LINES INC,

Defendant.
_______________________________/

**COMPLAINT**

Plaintiff CLAUDIA CALDERON ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, DELTA AIR LINES INC., hereinafter ("Defendant") and in support avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of Five Hundred Thousand Dollars ($500,000.00), exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, et seq. (FCRA), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of Plaintiff's age, national origin, retaliation and a hostile environment.
2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.
3. Plaintiff, at all times relevant to this action, is a resident of Miami-Dade County, Florida.

4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice and Right to Sue. Plaintiff is now timely filing suit.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff was employed by Defendant on or about September 4, 2014, as a was Customer Service Agent.
13. Plaintiff performed her job duties in accordance with Defendant's policies and procedures.
14. Plaintiff worked for Defendant for more than ten (10) years.
15. Plaintiff is sixty-one (61) years old and is of Colombian national origin and Latina ethnicity.
16. During Plaintiff's employment, Defendant assigned Plaintiff to work Cuba flights.
17. On or about May 23, 2025, Plaintiff was called into a meeting with General Station Manager Mitchel Michael Dukes and Human Resources representative Janette Smith.
18. During the meeting, Plaintiff was questioned regarding passengers on a Cuba flight who purchased tickets using the same credit card.
19. Plaintiff explained that Defendant's policy required her to verify the identity of the person making payment and ensure that the credit card matched the name of the individual paying for the transaction.
20. Plaintiff further explained that it was not her responsibility to investigate whether the cardholder was related to the traveler.
21. Plaintiff explained that her role was to protect Defendant from fraud by ensuring that payments were properly processed.
22. During the meeting, Plaintiff was questioned regarding an incident that allegedly occurred approximately two years earlier involving four transactions processed with the same credit card.
23. Plaintiff explained that she could not reasonably remember isolated transactions from two years prior.

24. Plaintiff further explained that her position was not that of an investigator and that she complied with Defendant's policies regarding payment verification.

25. During the same meeting, Mitchel Michael Dukes accused Plaintiff of allowing approximately "10,000 bags" from Cuba flights to travel free of charge.

26. Plaintiff denied the accusation and explained that she consistently charged passengers for baggage. Plaintiff questioned how bags could have traveled for free if the payments had been collected and the money was accounted for.

27. Mitchel Michael Dukes responded by stating, "Yes, the money is there". Plaintiff understood this statement to mean that Defendant had, in fact, received the baggage payments.

28. Plaintiff consistently enforced Defendant's overweight baggage policies.

29. Plaintiff observed that Defendant applied its baggage and luggage policies differently to Cuba flights than to other flights.

30. Plaintiff observed that carry-on luggage for Cuba flights was weighed and charged, even though Defendant generally did not require weighing carry-on luggage on other flights.

31. During Plaintiff's employment, American managers frequently made disparaging remarks regarding Latino employees and Cuban passengers.

32. Plaintiff heard managers state that Cuban passengers were "the worst."

33. On or about two years before Plaintiff's termination, Mitchel Michael Dukes stated to one of Plaintiff's coworkers that he had come to "clean up this station."

34. Plaintiff understood this statement to refer to removing Latino and older employees from the station.

35. Plaintiff observed that Latino employees working Cuba flights were subjected to heightened scrutiny, questioning, and blame compared to younger and non-Latino employees.

36. Younger and non-Latino employees who worked the same Cuba flights and processed similar transactions were not subjected to the same investigations, accusations, or hostile treatment.

37. Plaintiff opposed Defendant's discriminatory treatment and unfair accusations during the meeting with management and Human Resources.

38. Plaintiff continued to defend her conduct and question the inconsistent application of Defendant's policies.

39. On or about May 23, 2025, Defendant terminated Plaintiff's employment.

40. Defendant's stated reasons for terminating Plaintiff were false, pretextual, and inconsistent with Plaintiff's work history and compliance with Defendant's policies.

41. Plaintiff is a member of protected classes based on her age and national origin.

42. Plaintiff also engaged in protected activity by opposing Defendant's discriminatory conduct and disparate treatment directed toward Latino employees and employees assigned to Cuba flights.

43. There is a causal connection between Plaintiff's protected activity, Plaintiff's opposition to discriminatory conduct, and the adverse employment actions taken against Plaintiff, including her termination.

44. The harassment and discriminatory treatment Plaintiff endured were severe and pervasive.

45. Plaintiff was subjected to repeated discriminatory remarks, heightened scrutiny, disparate treatment, and baseless accusations during her employment.

46. Such conduct altered the terms and conditions of Plaintiff's employment and created a hostile and offensive work environment.

47. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff suffered damages, including emotional distress, humiliation, loss of employment, and loss of income and benefits.

48. Throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory level.

49. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

50. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
***Discrimination Based on Age in Violation of the Florida Civil Rights Act of 1992***

51. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-50 above as if set out in full herein.

52. Plaintiff is a member of a protected class under the Florida Civil Rights Act of 1992, to which Plaintiff is over forty (40) years of age.

53. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

54. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

55. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

60. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

61. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

62. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment

against the Defendant; find that the Defendant indeed violated the Florida Civil Rights Act of 1992, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.
B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.
C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.
D. Reinstate full fringe benefits and seniority rights to Plaintiff.
E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.
F. For a money judgment representing prejudgment interest.
G. Grant Plaintiff's costs of this action including reasonable attorney's fees.
H. Grant Plaintiff a trial by jury; and
I. Grant such other and further relief as the Court deems just and proper.

**COUNT II**
***Discrimination Based on National Origin in Violation of the Florida Civil Rights Act of 1992***

63. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-50 of this Complaint as if set out in full herein.

64. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Status Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to

discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

65. The applicable statute, Florida Civil Rights Act of 1992, prohibits an employer from making employment decisions, or from taking any personnel action affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

66. Plaintiff is a member of a protected class under the Florida Civil Rights Act of 1992.

67. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

68. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's national origin is Colombian.

69. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

70. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

71. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

72. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

73. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

74. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action, and she has incurred the costs of litigation.

75. The representatives, and the Defendant's failure to make prompt remedial action to conduct of Defendant, by and through the conduct of its agents, employees, and/or prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

76. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

77. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Florida Civil Rights Act of 1992, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **COUNT III**

***Retaliation in Violation of the Florida Civil Rights Act of 1992***

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 50 above as if set out in full herein.

79. Defendant is an employer as that term is used under the applicable statutes referenced above.

80. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the Florida Civil Rights Act of 1992.

81. The foregoing unlawful acts by Defendant were purposeful.

82. Plaintiff is a member of protected classes based on her age and national origin. Plaintiff is of Colombian descent. Plaintiff also engaged in statutorily protected activity by opposing and complaining about Defendant's discriminatory treatment, disparate scrutiny, and hostile conduct directed toward Latino employees. There is a causal connection between Plaintiff's protected activity, Plaintiff's complaints and opposition to Defendant's discriminatory conduct, and the adverse employment actions taken against Plaintiff thereafter, including her termination.

83. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

84. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Florida Civil Rights Act of 1992, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate full fringe benefits and seniority rights to Plaintiff.

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

F. For a money judgment representing prejudgment interest.

G. Grant Plaintiff's costs of this action including reasonable attorney's fees.

H. Grant Plaintiff a trial by jury; and

I. Grant such other and further relief as the Court deems just and proper.

**COUNT IV**

***Hostile Work Environment in Violation of the Florida Civil Rights Act of 1992***

85. Plaintiff re-adopts and incorporates paragraphs 1-50 of this Complaint as if set out in full herein.

86. Defendant is an employer as that term is used under the applicable statutes referenced above.

87. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the Florida Civil Rights Act of 1992.

88. Plaintiff, as a female of Colombian descent over forty (40) years of age, is within a protected class as envisioned by the Florida Civil Rights Act of 1992.

89. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

90. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a female of Colombian descent over forty (40) years of age, and is within a protected class as envisioned by the Florida Civil Rights Act of 1992.

91. The harassment was decidedly severe, as Defendant had continuously harassed at Plaintiff for her being a female of Colombian descent over forty (40) years of age.

92. The harassment and discriminatory treatment Plaintiff endured were severe and pervasive. Plaintiff agonized over going to work because she continually feared discriminatory treatment, retaliation, heightened scrutiny, and harassment based on her age and Colombian national origin. Such conduct occurred repeatedly throughout Plaintiff's employment, was objectively and subjectively offensive, and altered the terms and conditions of Plaintiff's employment. Plaintiff was subjected to discriminatory investigations, baseless questioning, derogatory comments regarding Latino employees and Cuban passengers, and disparate treatment not imposed upon non-Latino employees working other international flights. As a

direct result of Defendant's conduct, Plaintiff's work environment became hostile and intolerable, ultimately resulting in the termination of her employment.

93. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

94. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

95. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Florida Civil Rights Act of 1992, by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate full fringe benefits and seniority rights to Plaintiff.

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

F. For a money judgment representing prejudgment interest.

G. Grant Plaintiff's costs of this action including reasonable attorney's fees.

H. Grant Plaintiff a trial by jury; and

I. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 21, 2026

Respectfully submitted,

*/s/*

*Jason S. Remer*

**Jason S. Remer, Esq.**
Fla. Bar No. 0165580
jremer@rgph.law
***REMER, GEORGES-PIERRE, & HOOGERWOERD PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA CALDERON,

Plaintiff,

vs. Case No.: 2026-014700-CA-01

DELTA AIR LINES INC,

Defendant.

**SUMMONS IN A CIVIL CASE**

**TO:** DELTA AIR LINES INC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
**REMER & GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________________
CLERK DATE

__________________________________
(BY) DEPUTY CLERK

Filing # 253594465 E-Filed 07/30/2026 09:18:57 AM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA CALDERON,

Plaintiff,

vs. Case No.: 2026-014700-CA-01

DELTA AIR LINES INC,

Defendant.

**SUMMONS IN A CIVIL CASE**

**TO:** DELTA AIR LINES INC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
**REMER & GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Juan Fernandez-Barquin,
Clerk of the Court and Comptroller — 8/4/2026

CLERK — DATE

323263

(BY) DEPUTY CLERK

JUAN FERNANDEZ-BARQUIN
MIAMI-DADE COUNTY, FLORIDA
IN GOD WE TRUST

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA CALDERON,

CASE NO. 2026-014700-CA-01

Plaintiff,

v.

DELTA AIR LINES, INC.,

Defendant.
_______________________________/

**DEFENDANT'S *UNOPPOSED* MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Under Florida Rule of Civil Procedure 1.090(b)(1)(A), Defendant Delta Air Lines, Inc. ("Defendant") hereby moves for an enlargement of time, through and including September 4, 2026, to respond to Plaintiff Claudia Calderon's ("Plaintiff") Complaint. In support of this Motion, Defendant states as follows.

1. Defendant was served with process on August 5, 2026.

2. Defendant's response to Plaintiff's Complaint is currently due on August 25, 2026. *See* Fla. R. Civ. P. 1.140(a)(1) (setting a deadline of 20 days after service of process).

3. There is good cause for an enlargement of the deadline for Defendant to respond to the Complaint. Defendant's counsel was recently retained for this matter, and Defendant is in the process of assessing Plaintiff's allegations and compiling the information necessary to prepare its response to the Complaint. Defendant requires additional time to further investigate the claims and frame its response to the Complaint.

4. Defendant therefore requests an enlargement of time of ten (10) days, up to and including September 4, 2026, to file its response to the Complaint.

5. The granting of this Motion will not prejudice any party.

6. Plaintiff, through counsel, has consented to the requested enlargement.

7. This Motion is being filed in good faith and not for delay or any other improper purpose.

WHEREFORE, Defendant Delta Air Lines, Inc. respectfully requests that this Court enter an Order extending its deadline to respond to Plaintiff's Complaint through and including September 4, 2026.

Dated this 20th day of August, 2026.

Respectfully submitted,

*_/s/ Benjamin C. Davis_*

Benjamin C. Davis, Esq.
Florida Bar No. 1107734
Email: benjamin.davis@morganlewis.com

Joseph D. Magrisso, Esq.
Florida Bar No. 105352
Email: joseph.magrisso@morganlewis.com

Vincent A. Cortellessa, Esq.
Florida Bar No. 1049207
Email: vincent.cortellessa@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Telephone: 305.415.3000
eFacsimile: 305.415.3001

*Counsel for Defendant Delta Air Lines, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served on August 20, 2026, via the Florida Courts E-Filing Portal, to all the attorneys for the parties in this action.

*/s/ Benjamin C. Davis*
Benjamin C. Davis

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-014700-CA-01
SECTION: CA09
JUDGE: Abby Cynamon

**Claudia Calderon**

Plaintiff(s)

vs.

**Delta Air Line Inc**

Defendant(s)

______________________________/

**AGREED ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

THIS MATTER is before the Court upon Defendant's *Unopposed* Motion for Enlargement of Time to Respond to Plaintiff's Complaint ("Motion"). The Court, having reviewed the Motion, being advised of the agreement of counsel, and being otherwise fully advised in the premises, hereby ORDERS and ADJUDGES that:

1. Defendant's Motion is GRANTED;

2. Defendant shall have up to and including September 4, 2026, to respond to Plaintiff's Complaint

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 20th day of August, 2026.

2026-014700-CA-01 08-20-2026 7:39 PM

2026-014700-CA-01 08-20-2026 7:39 PM
Hon. Abby Cynamon

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

- Benjamin Cody Davis: benjamin.davis@morganlewis.com
- Benjamin Cody Davis: eugenia.legra@morganlewis.com
- Jason S Remer: jremer@rgph.law
- Jason S Remer: ng@rgph.law
- Jason S Remer: adelgado@rgph.law